UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| LESLIE ALLEN ACHTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-2231 SNLJ |
| ) | |
| TERRY RUSSELL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's amended complaint. Plaintiff, an inmate in Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), brings this action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. After reviewing plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court will dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the

allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress violations of his civil rights, and names ERDCC, Warden Terry Russell, Assistant Warden Stan Payne, the Missouri Department of Corrections ("MDOC") as defendants in the caption of his complaint.[1]

The amended complaint is once again handwritten, and plaintiff's handwriting is difficult to decipher. Plaintiff has not mentioned any allegations relating to his time at ERDCC, even though all of the named defendants relate to that prison.

Rather, it appears that plaintiff is alleging his rights were violated in some unnamed way when he was served on a warrant for a probation violation by Deputy Sheriff James Pope in Saint Francis County in May of 2017. Plaintiff also appears to be arguing against the underlying aggravated stalking charge from June of 2013, for which he first received a five-year Suspended Execution of Sentence ("SES") on September 5, 2014.

---

[1]On the left side of plaintiff's amended complaint, he refers to a Missouri Supreme Court case number and the petitioner and respondents in that case. This Court is not an appellate court to the Missouri Supreme Court for criminal matters. If plaintiff wishes to appeal the outcome of a case currently in the Missouri Supreme Court, he should refer to the Missouri Supreme Court Rules.

Not only is Deputy Sheriff James Pope not listed as a defendant in this action, but plaintiff has also not indicated exactly how he believes Pope purportedly violated his rights by serving him with a warrant for his arrest on a probation violation.[2] The Court cannot say, as a result, that plaintiff has made any actionable claims against Deputy Sheriff Pope.

As for the State officials, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials (or agencies) acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against MDOC, ERDCC, Terry Russell, and Stan Payne. As a result, the Court must dismiss this action, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that no process shall issue on the amended complaint as plaintiff's action is frivolous, malicious or fails to state a claim upon which relief may be granted. *See* 28 U.S.C.§ 1915(e)(2)(B).

---

[2]The Court has reviewed Missouri.Case.Net and found that a warrant was issued for plaintiff's arrest on December 12, 2016, in *State v. Achter*, 13SF-CR01242-01 (24th Judicial Circuit, St. Francois County), as a result of a probation violation. The warrant was served on plaintiff on May 21, 2017, by the St. Francois County Sheriff's Department. A probation violation hearing was held on August 11, 2017. Plaintiff was sentenced to the four-year term he was originally sentenced in his case, to run consecutive to his sentence in *State v. Achter*, 12SF-CR02270-01, for a total sentence of imprisonment of 8 years.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of November, 2017.

                                                  STEPHEN N. LIMBAUGH, JR.
                                                  UNITED STATES DISTRICT JUDGE